E-FILED
Friday, 06 March, 2026  10:05:06 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CR-30023 |
| | ) | |
| ERIC JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO AMEND MOTION TO SUPPRESS EVIDENCE**

The United States of America by Gregory M. Gilmore, Acting United States Attorney for the Central District of Illinois, and Matthew Weir, Assistant United States Attorney, in response to the defendant's motion to suppress evidence states the following:

1.     The Grand Jury returned an indictment on May 2, 2023, charging the defendant with one count of possession with intent to distribute marijuana, one count of possessing a firearm during and in furtherance of a drug trafficking crime, and one count of possessing a firearm as a convicted felon. R.1.

2.     On September 23, 2025, the defendant filed a motion to suppress evidence, alleging that the traffic stop of the defendant's

vehicle was not supported by the facts and that the subsequent search of the defendant's vehicle was unconstitutional. Among other arguments, the defendant claimed that the defendant's traffic stop was unlawful because the officer stopped the defendant for failing to stop at a stop sign on private property. This, the defendant claimed, was an unlawful basis to stop the defendant.

3.    On October 8, 2025, the government filed its response to the defendant's motion to suppress. In response to the defendant's claim about the reason for the defendant's traffic stop, the government clarified that the officer stopped the defendant for failing to yield when leaving a parking lot, building, or alleyway, before entering a roadway.

4.    Though the defendant was aware of the government's filing, he elected not to file anything setting forth a challenge to the government's response. Prior to the hearing, which began on February 25, 2026, the defendant did not file anything challenging the basis for the traffic stop asserted by the government in its response.

2

**ARGUMENT**

The Court has wide discretion to oversee cases before it. Part of that discretion includes the manner in which motions are to be filed, and hearings conducted. Local Rule 47.1(A)(1) states: "Every motion raising a question of law must include a memorandum identifying the specific points or propositions of law and supporting authorities upon which the moving party relies." Part of the reason for this rule is to put the opposing party on notice of what will be argued when a hearing on the motion occurs.

It is well established that an argument not raised during a suppression hearing in the district court is waived on appeal. *United States v. McMillian*, 786 F.3d 630, 636 (7th Cir. 2015). While this is not directly on point, it stresses the importance of properly raising suppression issues before the district court. Ultimately, the defense did raise this issue before the Court and because the hearing on the motion to suppress was continued, the government has time to address the newly raised issue. While the Court definitely has the authority to dismiss an issue that was not raised in a timely fashion, out of fairness to the defendant and to make a complete record, the government does not object to the defendant's

motion to file an amended motion to suppress, raising a challenge to the traffic stop under new grounds. Though the government does not object to the defendant's being able to amend his motion to suppress, it does object to the amended motion to suppress. The government requests time to respond fully to the original motion and the amended motion at the conclusion of the hearing.

Respectfully submitted,

GREGORY M. GILMORE
ACTING UNITED STATES ATTORNEY

*/s/ Matthew Z. Weir*
Matthew Z. Weir, IL Bar No. 6304257
Assistant United States Attorney
United States Attorney's Office
318 South 6th Street
Springfield, IL 62701
Telephone: 217-492-4450
Email: matthew.weir@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Matthew Z. Weir
Matthew Z. Weir
Assistant United States Attorney